FILED
SUPERIOR COURT
OF GUAM

2025 JAN 30 PH 2: 01

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| MSU GUAM LLC and DAVID SU,<br><br>            Plaintiffs,<br><br>vs.<br><br>WANG-CHIEH "RONALD" SU and MANHATTAN FINANCIAL LLC,<br><br>            Defendants. | CIVIL CASE NO. CV0077-24<br><br><br>**DECISION AND ORDER**<br>Re: Defendant's Motion to Dismiss under GRCP 9(b) and 12(b)(6) |

This matter came before the Honorable Arthur R. Barcinas on November 5, 2024 for a motion hearing on Defendant Manhattan Financial, LLC's ("Manhattan") Motion to Dismiss Under GRCP 9(b) and 12(b)(6) ("Motion"). Manhattan was represented by Attorney Daniel J. Berman, and Plaintiff MSU Guam, LLC ("MSU") was represented by Attorney Charles H. McDonald II. Upon consideration of the pleadings, the arguments, and the applicable law, the Court **DENIES** Manhattan's Motion.

## **BACKGROUND**

In 2011, MSU executed a promissory note in favor of Community First Guam ("CFG"). The note was secured by a mortgage on MSU's leasehold interest in Lot No. 5097-3-3, Tamuning, Guam (the "Property"). This mortgage was recorded at the Department of Land Management ("DLM") on July 26, 2011.

In 2011, the note matured, leaving a payoff amount of approximately $430,000. On September 21, 2017, Manhattan purchased the matured note and mortgage from CFG.

Subsequently, Manhattan initiated non-judicial proceedings against MSU. Manhattan then issued a Notice of Default and Election to Sell under Mortgage, which was recorded at the DLM on November 5, 2018. On December 27, 2018, Manhattan continued with non-judicial foreclosure proceedings and issued a Notice of Sale under Mortgage, which was recorded at the DLM on December 31, 2018.

In February 2019, Attorney Cesar Cabot paid the entire MSU note balance to Attorney Michael J. Berman, who represented both Manhattan and CFG. As a result, CFG and Manhattan executed releases of the mortgage in favor of MSU.

On February 8, 2024, MSU and former Co-Plaintiff David Su filed the Complaint in this case, alleging the following:

1. MSU did not receive copies of the recorded Notice of Default or Notice of Sale.

2. Manhattan failed to inform MSU about the assignment of the note and mortgage from CFG to Manhattan.

3. The Notices allegedly went missing due to interception and withholding by Defendant.

4. MSU did not become aware that Manhattan purchased the note and mortgage until either February 6, 2021, when a title report revealed the purchase, or August 6, 2021, when Attorney Michael Berman executed a corrected Release of Mortgage in favor of MSU which revealed that Manhattan was the owner of the note and mortgage.

MSU contended in the Complaint that the actions of Manhattan and Co-Defendant Wang-Chieh "Ronald" Su – allegedly intercepting the Notices and failing to disclose the

assignment – forced MSU to sell the Property at a discounted price, resulting in damages. MSU further argued that these alleged acts form the basis for MSU's sole cause of action for fraud.

On March 5, 2024, Manhattan filed the instant Motion, seeking dismissal pursuant to Guam Rules of Civil Procedure ("GRCP") Rule 9(b), for failure to plead the elements of fraud with particularity, and 12(b)(6), for failure to state a claim for which relief may be granted. Manhattan's 12(b)(6) argument is based both on its 9(b) argument and a separate argument that MSU's claim is time-barred. On April 2, 2024, MSU filed its Opposition, arguing that it has sufficiently alleged a fraud claim, that the claim is not time-barred because MSU allegedly discovered the fraud on February 16, 2021, and that, should the Court rule for dismissal, MSU should be given leave to amend. On April 12, 2024, Manhattan filed its Reply, arguing that MSU does not sufficiently plead any of the elements of fraud, that MSU had constructive notice of any alleged fraud no later than February 5, 2019, and that amendment would be futile.

The Court took the matter under advisement on November 5, 2024.

## DISCUSSION

### I. Legal Standard

#### a. GRCP 9(b) - Pleading Fraud, Mistake, Condition of the Mind.

Under Guam law, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." GRCP 9(b). "When applying Rule 9(b)'s heightened pleading requirements to determine whether a complaint should be dismissed for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff." *Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1153 (S.D. Cal. 2001) (citing *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1997). "A complaint should not

be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

### b. GRCP 12(b)(6) - Failure to State a Claim for Which Relief May Be Granted

As above, in ruling on a motion to dismiss under GRCP 12(b)(6), the Court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. *Cruz v. Cruz*, 2023 Guam 20 ¶ 10. Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

### II. **Whether MSU pled fraud with particularity.**

In the instant Motion, Manhattan now moves for dismissal against MSU, as its Co-Defendant Wang-Chieh "Ronald" Su did against former Co-Plaintiff David Su in his March 1, 2024 Motion to Dismiss ("Su Motion"). As in the Su Motion, Manhattan seeks dismissal pursuant to GRCP 12(b)(6) on allegations that MSU failed to plead with particularity the elements for fraud as required by GRCP 9(b). As MSU's counsel noted at the hearing for this Motion, the Court in its July 23, 2024 Decision and Order on the Su Motion found that MSU had sufficiently plead its case with particularity in the Verified Complaint. In this Decision and Order, the Verified Complaint being the same document previously analyzed by the Court, the Court employs below the same analysis as in its previous Decision and Order.

Under Guam law, there are five elements of fraud: (1) A misrepresentation; (2) Knowledge of falsity (or scienter); (3) Intent to defraud to induce reliance; (4) Justifiable reliance; and (5) Resulting damges. *Ukau v. Wang*, 2015 Guam 26 ¶ 36. "[GRCP] 9(b) provides, in relevant part, that "the circumstances constituting fraud or mistake shall be stated with

particularity" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." *Id.* ¶ 35. This standard is known as the "who, what, when, where, and how" requirement. *Id.* While it is a more heightened standard than the notice pleading established by GRCP 12(b)(6), it still does not require a plaintiff to prove a claim of fraud at the pleading stage. *Id.* ¶ 47. Instead, a plaintiff must provide facts with "sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged. *Id.* "While statements of time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 15. Similarly, allegations based entirely on information and beliefs do not usually satisfy the particularity requirement of Rule 9(b). *Id.*

Manhattan moves to dismiss MSU's Verified Complaint pursuant to GRCP 12(b)(6), alleging that MSU failed to plead with particularity the elements for fraud as required by Guam R. Civ. P. 9(b). Because MSU's only cause of action is for fraud, the Court finds that the heightened pleading standard set forth in GRCP 9 applies. Id. at ¶ 35. The Court is bound by the Guam Supreme Court's fraud standards in *Wang* and will thus conduct its analysis under those standards. *Wang*, 2015 Guam 26 ¶ 36. As noted above, "[w]hen applying Rule 9(b)'s heightened pleading requirements to determine whether a complaint should be dismissed for failure to state a claim, the Court must construe the complaint in the light most favorable to the MSU." *Symington*, 51 F.3d at 1484. Viewing the Motion in the light most favorable to MSU as the non-moving party the Court finds that MSU has plead the elements for fraud with sufficient particularity. Because the elements alleged in the Complaint have not changed since the Court's ruling on the Su Motion to Dismiss, the Court follows its own analysis below.

## Misrepresentation

The Court finds that, at the pleading stage, MSU pleads the element of misrepresentation with particularity. In this case, MSU alleged that Defendants purchased the note to the mortgage held by MSU and concealed their ownership. See Verified Compl. ¶¶ 20, 22, 31, 37. Accepting the factual allegations in the Verified Complaint as true, the events giving rise to this cause of action took place from September 17, 2018, through August 6, 2021.

In the Complaint, under the section entitled "Cause of Action – Fraud," MSU alleges that, "[o]n or about November 2, 2018, Manhattan ... caused to be issued a Notice of Default that misrepresented the actual mortgagee and concealed Manhattan's involvement in the transaction." *Id.* ¶ 42. MSU further alleges that, "[o]n or about December 27, 2018, Manhattan ... caused to be issued a Notice of Sale that misrepresented the actual mortgagee and concealed Manhattan's involvement in the transaction." *Id.* ¶ 43.

Viewed in the light most favorable to MSU, the Court finds that these allegations sufficiently plead the misrepresentation element of fraud with particularity.

## Knowledge of Falsity and Intent to Induce Reliance

The Court further finds that MSU sufficiently pleads Defendants' knowledge of falsity and intent to defraud to induce reliance. Intent and knowledge of falsity need only be averred generally. See *Ukau*, 2016 Guam 26 ¶ 35. Manhattan purchased the note and mortgage from CFG on September 21, 2017, and an Assignment of Mortgage was executed in favor of Manhattan and recorded at the DLM on September 22, 2017. See Verified Compl. ¶ 16. MSU alleges that Manhattan did not inform "[MSU] of the assignment to Manhattan of the MSU note and mortgage," and MSU "did not receive communications from Manhattan or Community First regarding the note and mortgage." *Id.* ¶¶ 18-19. MSU asserts that "[n]either the Notice of

Default nor Notice of Sale made any reference to Manhattan. Ronald, through [Attorney Michael] Berman, kept hidden the fact that Manhattan assumed the Community First note and mortgage and that Manhattan was the new mortgagee." *Id.* ¶ 24. MSU further alleges that they did not receive the above Notices because Co-Defendant Su withheld them from MSU. *Id.* ¶¶ 23, 25. Finally, MSU alleges that "Ronald, Manhattan's manager, knew that the information contained in the Notice of Default and Notice of Sale were false, and despite this knowledge, Ronald continued to pursue the foreclosure to cause MSU to lose the Lot." *Id.* ¶ 46.

Taking these factual allegations together, MSU asserts that Defendants did not inform MSU of the change in ownership of the note and prevented MSU from learning of ownership by withholding MSU's mail in order to defraud MSU. At this stage of the pleadings, MSU is not expected to plead Defendants' state of mind with specificity. See *Taitano*, 2008 Guam 12 ¶ 17. As such, the Court is satisfied that these allegations sufficiently plead the elements of knowledge of falsity and intent to defraud to induce reliance with particularity.

### Justifiable Reliance and Resulting Damages

The Court further finds that MSU sufficiently pleads justifiable reliance and resulting damages. *Id.* ¶¶ 26, 28, 47–49. As to justifiable reliance, MSU alleges that "[u]pon discovering the Notice of Sale, it was too late for MSU to secure financing to save the property and MSU was forced to sell the property at a discounted price to stop the foreclosure." *Id.* ¶ 28. MSU further alleges that they "would not have allowed a foreclosure of their property as the value of the property with twenty seven (27) apartment units far exceeded the loan payoff amount." *Id.* ¶ 26. Finally, MSU alleges that based on the Notice of Default and Notice of Sale, MSU was "forced to sell the Lot at a discounted price in order to avoid the foreclosure." *Id.* ¶ 47.

As to damages, MSU alleges that, "[b]ut for the imminent foreclosure sale and its

potential impact to MSU's financial suitability, MSU would not have sold the Lot at such a discounted price." *Id.* ¶ 48. \

At this stage of the pleadings, viewing the pleading in the light most favorable to MSU as the non-moving party, the Court finds that MSU has sufficiently plead both justifiable reliance and resulting damages.

Based on the foregoing, and viewing the pleading in the light most favorable to MSU as the non-moving party, the Court finds that MSU's fraud claim does not demonstrate beyond doubt that MSU can prove no set of facts in support of its claim which would entitle it to relief. Thus, the Court is satisfied that MSU has sufficiently pled allegations of fraud with particularity in the Verified Complaint, satisfying the heightened pleading standard of GRCP 9(b). Accordingly, the portion of Manhattan's 12(b)(6) argument based on its 9(b) argument is **DENIED**.

### III.    12(b)(6) - Failure to State a Claim For Which Relief May Be Granted

#### a.  MSU's fraud claim is timely.

Manhattan also asserts that MSU's fraud claim is time-barred, arguing that, based on allegations in the Complaint, Plaintiffs would have been on notice of any and all claims of fraud related to the foreclosure action no later than February 5, 2019, immediately after Attorney Cabot paid the MSU note and mortgage. Manhattan argues that, if MSU intended to toll the statute of limitations on the fraud claim, it was required to plead affirmatively specific facts showing that tolling had occurred. (citing *Amsden v. Yamon*, 1999 Guam 14 ¶ 16). In its opposition, MSU argues it only became aware of the alleged fraud on February 16, 2021, upon receipt of a title report disclosing that Manhattan was the mortgage holder. MSU argues that this allegedly delayed discovery extends the statute of limitations, as the time would only begin to

accrue upon discovery of the alleged fraud. MSU argues that, even if they had received constructive notice prior to 2021, it would not invalidate their fraud claim under Guam law because constructive notice does not start the statute of limitations in a fraud case. (citing *Cruz v. Cruz*, 2023 Guam 20 ¶ 27). Finally, should the Court grant dismissal, MSU requests to amend the Complaint on grounds that the amendment would serve justice by allowing MSU to correct any deficiencies in their Complaint without causing undue delay. In its Reply, Manhattan reiterates its argument that the fraud claim is time-barred because MSU was allegedly made aware of the foreclosure no later than February 2019 when they allegedly chose to pay off the debt. Manhattan also argues against amendment, claiming that any amendment would be futile because the fraud claim is fundamentally flawed due to the statute of limitations and MSU's alleged lack of particularity in its claims.

Under Guam law, the statute of limitations for a fraud action is three (3) years. 7 GCA § 11305(d). A fraud cause of action is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. *Id.* The Supreme Court has held that, when a fraud case involves recordation, the trial court should not conflate "the constructive notice given to subsequent purchasers under Guam's recording statute with the inquiry notice that starts the statute of limitations in a fraud case." *Cruz v. Cruz,* 2023 Guam 20 ¶ 21. "[A] fraud plaintiff does not have the 'duty of inquiry' that a purchaser of real property does." *Id.* ¶ 33. The Supreme Court has further held that "[p]ublic records cannot be used to defend fraud," and that "[w]here fraud is involved, public records are not constructive notice of the true facts to the defrauded party." Viewing the facts in the light most favorable to MSU, and taking MSU's allegations as true, the Court finds that MSU did not become aware of this matter until February 16, 2021. The Court acknowledges that, under Guam law, a plaintiff must affirmatively plead

specific facts to toll the statute of limitations when a pleading on its face appears to be time-barred. *Yamon*, 1999 Guam 14 ¶¶ 14-15. However, the Court finds that the pleading here does not appear time-barred on its face, and that the statute of limitations did not need to be tolled, as it would not have started to run based on mere constructive notice.

Accordingly, the Court finds that MSU's fraud claim is not time-barred, and thus this part of Manhattan's 12(b)(6) motion is also **DENIED**. Having denied the Motion to Dismiss, the Court will not address MSU's request for amendment.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Manhattan's Motion to Dismiss in full.

**IT IS SO ORDERED** ___ JAN 3 0 2025 ___.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**